IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| vs. | : | |
| | : | NO.  06-CR-701-3 |
| EDUARDO JIMENEZ | : | |

## MEMORANDUM

GOLDEN, J. _____July 11, 2007

Before the Court is defendant Eduardo Jimenez's motion for an order releasing him from custody pursuant to bail conditions.  In effect, defendant moves the Court to set aside U.S. Magistrate Judge Arnold C. Rapoport's pretrial detention order.  Upon review of defendant's motion, the proposed bail package, and the government's response thereto, and following a hearing held on July 10, 2007, the Court denies defendant's motion.

## Factual and Procedural Background

Defendant has been charged in an indictment with conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C § 924(o).  The government alleges that defendant is a key player in the Mafia-El Don Gang drug distribution ring, which has sold at least 50 kilograms of cocaine within the Lehigh Valley.  Allegedly, defendant sold drugs acquired from co-defendants Jose Cedeno and Juan Minier from his Allentown grocery store and Easton restaurant.  Moreover, the government alleges that defendant employed other co-defendants as "runners" who would deliver cocaine and collect cash for the sales.

On December 13, 2006, defendant appeared at a pretrial detention hearing at which

Magistrate Judge Rapoport ordered his pretrial detainment.  The Magistrate Judge found that the government proved by a preponderance of the evidence that no conditions of release will reasonably assure the defendant's appearance, and proved by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community.  On May 11, 2007, defense counsel presented a new bail package to pretrial services and the U. S. Attorney's office, and on June 22, 2007 counsel moved for a hearing to appeal his client's detention.  The Court's review in this matter is *de novo*.  See U.S. v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985).

During the July 10, 2007 hearing on defendant's motion, the government argued that the case against defendant is strong and consists of: wiretap interceptions of defendant and his co-conspirators, including 130 conversations involving defendant; testimony from undercover federal agents who purchased cocaine from members of the conspiracy; testimony of cooperating informants who purchased firearms from defendant; seizures of cocaine and money; and videotape of drug sales involving defendant.  The assistant U.S. Attorney also argued that, given the long sentences associated with drug trafficking convictions, defendant might be motivated to flee.  As a citizen of the Dominican Republic, defendant had connections to a foreign jurisdiction.

In addition, the government provided partial transcripts of two phone conversations between defendant and an associate.  In the first conversation, defendant asked an associate to "flash...the shotgun" at men that he believed had scared away some attractive female customers. In the second conversation, defendant and an associate describe a robbery that they planned against a rival.  Defendant advised his associate to tie the victim up and steal as many valuables as possible.  In addition, defendant listened as his associate described plans to "machine gun" and

"shoot" the victim's home and van.  Federal agents listening to these conversations by wiretap intercepted defendant's associates before they could commit the crimes in question.

In rebuttal, defense counsel noted that defendant had offered a substantial bail package, significantly enhanced since his initial detention hearing in front of Magistrate Judge Rapoport. The package now includes an offer to undergo electronic monitoring, and identifies a third party custodian for defendant.  Defense counsel also noted that family members offered to co-sign defendant's bond, and that the bond would be secured with equity from defendant's property. Defense counsel argued that defendant is a long-standing member of the Lehigh Valley community, and a business owner with significant ties to the area.

As to the question of whether defendant poses a danger to the community, defense counsel noted that defendant had no prior criminal record.  Pre-trial services had recommended his release on bail in December.  Although defendant admittedly carried a firearm, he was licensed to do so and there is no evidence that the gun was ever used in a crime.  Finally, defense counsel noted that, whatever may have been said during defendant's wiretapped conversations, no violence actually took place.

## <u>Discussion</u>

The Bail Reform Act governs the determination of pretrial detention.  18 U.S.C. § 3142 *et seq*.  The Act provides that "[i]f after a hearing...the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e).  There is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of any other person and the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." Id. The defendant bears the burden of producing credible evidence that "that he will appear and will not pose a threat to the community." U.S. v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986).

In this matter, the Court finds probable cause based on the government's indictment to believe that the defendant committed the crimes of which he is accused. See U.S. v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986) (holding that allegations in the government's indictment may support a finding of probable cause). Moreover, the Court notes that the maximum term of imprisonment for the drug trafficking offenses with which defendant is charged is life in prison. 21 U.S.C. § 846. The Court therefore must review the factors identified in 18 U.S.C. § 3142(g) to determine whether defendant has rebutted the presumption. These factors include:

"(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person

-4-

was on probation or parole, or on other release pending trial, sentencing, appeal,

or completion of sentence for an offense under Federal, State, or local law; and

>    (4)  the nature and seriousness of the danger to any person in the

community that would be posed by the release..."

18 U.S.C. § 3142(g).

Although the Court appreciates the efforts of defendant, his family, and his counsel to develop a bail package, it concludes that defendant has failed to rebut the statutory presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of any other person and the community if he is released.  Several of the factors listed in 18 U.S.C. § 3142(g) weigh in favor of his continued detention.  Defendant faces serious drug trafficking charges.  The testimony of government agents and cooperating informants, combined with audiotape and videotape evidence, suggests that the weight of the evidence against him is strong.  The Court acknowledges that defendant has ties to the Lehigh Valley, but cannot discount the government's argument that, faced with the potential for a long prison sentence, defendant might consider flight to his country of citizenship.

Most importantly, the Court concludes that defendant has failed to rebut the presumption that his further detention is necessary to reasonably assure the safety of the community.  The government's wiretap evidence shows that defendant helped to plan acts of violence against other members of the community in the recent past.  Both contemplated acts of violence involved firearms.  Only the diligent response of government agents prevented the violence.  The defendant produced no evidence to refute the government's position that, in light of his role in

planning attacks, his release would pose a danger to the community.

Accordingly, defendant's motion for an order releasing him from custody pursuant to bail conditions is DENIED.  An appropriate order follows.